THEODORE L. UPDIKE *vs.* GERARDUS SKILLMAN.

1. An addition to a building, within the meaning of the mechanics' lien law, must be a lateral addition on ground outside of the building to which it constitutes an addition.

2. Adding to the height, extending the depth, or increasing the interior accommodations of a building are alterations, and not additions, within the contemplation of the act.

Updike v. Skillman.

3. Where the change in the building is clearly shown by the evidence, the question whether it constitutes an addition or alteration, is a question of law, upon which the court should instruct the jury.

A mechanics' lien was filed by Updike, against Skillman, for materials furnished to put an additional story on the house of the defendant. The cause was tried at the Mercer circuit, and on the trial, the court submitted to the jury, without instruction, the question whether placing an additional story on a building was an addition, within the meaning of the mechanics' lien law. The jury rendered a verdict for the defendant, and the plaintiff obtained a rule to show cause why the verdict should not be set aside and a new trial granted. The cause was certified to this court for its advisory opinion on the following points: 1st, whether the change made was an addition to the building, or an alteration only, within the meaning of the fifth section of the act to secure to mechanics and others payment for their labor and materials in erecting any building; and 2d, whether the court ought to have instructed the jury that the claim did constitute in law a lien upon the building.

Argued at February Term, 1858, before the CHIEF JUSTICE, and Justices ELMER and VREDENBURGH.

*Lytle*, for the plaintiff.

*Hageman*, for the defendant.

THE CHIEF JUSTICE. An "addition erected to a former building," to constitute a building within the meaning of the mechanics' lien law, (*Nix. Dig.* 487, § 5,) must be a lateral addition. It must occupy ground without the limits of the building to which it constitutes an addition ; so that the lien shall be upon the building formed by the addition, and the land upon which it stands.

An alteration in a former building, by adding to its

height, or to its depth, or to the extent of its interior accommodations, is an *alteration* merely, and not an *addition*, within the contemplation of the act.

The facts being clearly ascertained, whether the change in the building constituted an *addition* or an *alteration*, was a mere question as to the true intent and meaning of the statute. It was a question of law, upon which the court should have instructed the jury, and not have submitted it to their determination. But the finding by the jury being in accordance with the law, the error of the court constitutes no ground for a new trial.

The Circuit Court should be advised accordingly.

VREDENBURGH, J. The question submitted is, whether putting a new story on an old building, is an addition within the 5th section of the mechanics' lien law. *Nix. Dig.* 487.

This provides that any addition erected to a former building, or any fixed machinery, or gearing, or other fixtures for manufacturing purposes, shall be considered a building, but no building shall be subject to the provisions of this act for repairs done thereto or alterations made therein.

The act, section 1st, gives the lien only upon buildings erected, and is in this 5th section defining what shall be deemed such buildings. Among other things, it says an addition erected to a former building shall be a building within the meaning of the act. This is the appropriate and accustomed phrase when speaking of an additional building erected alongside of, and not one under or on top of a former building. If one should say he had erected an addition to his house, he would not be understood as saying that he had put a cellar under it, or a story on top of it.

The question is plainly one of law, and the court should have instructed the jury that the claim under the facts proved constituted no valid lien. The verdict having been,

Robinson v. Insurance Co.

however, for the defendant, the rule to show cause should be discharged.

ELMER, J. concurred.

CITED *in State* v. *Parker, Receiver,* 5 *Vr.* 354.